WIGGINTON, Judge.
Appellant filed its complaint pursuant to F.S. Chapter 87, F.S.A., seeking a judicial declaration that it is exempt from the payment of a sales tax on rental receipts received by it from a lease of its trucks to Lykes Bros., Inc., a Florida corporation. From an adverse decree plaintiff has appealed.
The controlling facts in the case are not in dispute. Appellant is a resident corporation of Florida engaged in the business of leasing to others for an agreed rental trucks purchased by it for that purpose. It has entered into lease contracts with Lykes Bros., Inc., another Florida corporation. The trucks leased by Lykes are used in transporting from middle and western states to Florida property acquired by Lykes in such states and used by it in connection with its Florida operation. The rental paid by Lykes is on a mileage basis which includes maintenance,, gasoline, oil and tolls paid by the trucks while traveling through the various states in the discharge of their assigned duties. Finding it economically wasteful to transport loads onty from the middle and western states into Florida, and to return the trucks to their foreign destinations empty, Lykes Bros., Inc., secured certificates as a contract carrier from the various states in which its trucks operate. After transporting its own goods from western states into Florida, Lykes accepts goods from others to be transported for an agreed consideration by its leased trucks into the middle and western states on their return trips to their points of destination. The contract carrier business done by Lykes in utilizing the trucks leased from appellant is merely incidental to the primary use to which the trucks are put in transporting Lykes own goods from the middle and western states into Florida. Appellee Comptroller has assessed a sales tax against appellant on the rentals it has received from the trucks leased by it to Lykes. It is appellant’s position that the statute under which the tax is assessed contains a provision exempting it from payment of such tax, and that the Comptroller’s action in assessing the questioned tax against it is illegal and void.
The Florida Revenue Act of 1949 imposes a tax of one per cent on the rental within the state of motor vehicles-[1] It is under the authority of this statute that the questioned tax has been assessed. Among the exemptions from taxation provided by the statute is one relating to vehicles and which is as follows: “Also exempt are vehicles *399 and parts thereof used to transport persons or property in interstate or foreign coni-merce.” [2]
It is the contention of appellant that the trucks leased by it to Lykes are engaged exclusively in the transportation of property in interstate commerce, and therefore the rentals received for their use are exempt from the tax under the above quoted exemption provision of the statute. The basis of appellant’s position is that its liability for the payment of the tax should be controlled by the use to which its trucks are put by the lessee Lykes. Our Supreme Court had occasion to interpret the above quoted exemption provision of the statute in the case of Smith Aircraft v. Green.[3] The question involved in that case was whether the sales tax was validly assessed on the sale price of aircraft parts sold to persons regularly engaged in interstate or foreign commerce for incorporation into or use on or by their vehicles, not common carriers, which transport or move executives and other employees across state lines or in foreign commerce. The Supreme Court held that the exemption provision of the statute above quoted must be given a narrow as distinguished from a broad interpretation. In so holding the Court said:
“We cannot say with certainty what the Legislature intended to exempt by using the language: parts of vehicles ‘used to transport passengers or property in interstate and foreign commerce.’ The broadest interpretation would include parts installed on any vehicle which at some time carried humans or property across a state line or to a foreign country. We think, however, when the entire statute is read and its basic purpose is considered, such a broad interpretation was not intended. It was the manifest purpose in enacting this law to tax as completely within its sphere as organic provisions would allow, e. g. Section 212.21(3). A common understanding of the language ‘passengers or property in interstate and foreign commerce’ would lead to the conclusion that it was used in its narrower sense and relates only to what is more generally referred to as common carriers.”
It is agreed that neither appellant nor its lessee, Lykes Bros., Inc., is a common carrier of persons or property, nor are the trucks in question used as a part of any system of common carriage. For a more comprehensive interpretation of the term “common carrier” as mentioned in the L. B. Smith Aircraft case, reference is made to the recent decision of this court in the Ruke Transport Line, Inc., case.[4] On the basis of the decision in Smith, supra, we must conclude that appellant does not qualify for an exemption from the sales tax on the rentals received by it under its leases with Lykes.
Even should the exemption provision of the statute be so broadly interpreted as to exempt from the sales tax both contract carriers as well as common carriers who transport persons or property in interstate or foreign commerce, it is our view that appellant would nevertheless not qualify for the exemption granted by the statute. The facts in this case disclose that the primary use of the trucks leased by Lykes from appellant is for transporting Lykes’ personally owned property from middle and western states of this country into Florida for use in connection with its own business. The contract carriage phase of Lykes’ operation is merely incidental to its principal corporate function, and was undertaken only for the purpose of minimizing the economic waste which would result if the trucks returned to the middle and western states empty and without a payload of any kind. The words “vehicles * * * used to transport persons or property” as contained in the exemp *400 tion statute were intended to convey the meaning of a permanent rather than temporary or part-time use. The incidental use of the trucks for contract carriage would not bring the rentals received under the lease within the exemption provision of the statute.
We have considered the remaining points on appeal in which it is contended that the tax in question is invalid as an imposition upon interstate commerce and as an income tax, both in violation of the Florida and Federal Constitutions. We find these contentions to be without substantial merit. The decree appealed is accordingly affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. F.S. Section 212.08(3), F.S.A.

. F.S. Section 212.08(7), F.S.A.

. L. B. Smith Aircraft Corp. v. Green, (Fla.1957) 94 So.2d 832.

. Ruke Transport Line, Inc. v. Ray E. Green, 156 So.2d 176.