273 So.2d 142 (1973)
FLORIDA GROWERS COOP TRANSPORT, Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. P-261.
District Court of Appeal of Florida, First District.
February 15, 1973.
Rehearing Denied March 9, 1973.
*143 Maxwell W. Wells, Jr., of Maguire, Voorhis & Wells, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur C. Fulmer, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Judge.
The plaintiff in an action for a refund of sales taxes has appealed from an adverse final judgment entered by the Circuit Court for Leon County.
The sole question presented for our determination in this appeal is whether rental charges for motor vehicles used to transport property in interstate commerce is exempt from sales taxes when paid by a carrier which is exempt from certification by the Interstate Commerce Commission pursuant to Sec. 303(b)(5) of the Interstate Commerce Act.
The plaintiff, Florida Growers Coop Transport, is organized under Chapter 620, Florida Statutes, F.S.A., as an agricultural cooperative marketing association, formed for the purpose of engaging in cooperative activities in connection with the producing, marketing, or selling of agricultural products. The association was also formed for the purpose of creating a trucking company as a cooperative to provide transportation service for its members and the general public as authorized by Sec. 303(b)(5) and subdivision (6) of the Interstate Commerce Act. The plaintiff does not have a certificate or permit issued by the Interstate Commerce Commission authorizing it to engage in any "for hire" transportation business by motor vehicle in interstate commerce.
The statutory provisions pertinent in our consideration of the above question are as follows:
Section 212.08, subdivision (9), Florida Statutes, F.S.A., provides:
"Partial exemptions, vehicles engaged in interstate or foreign commerce.  Vehicles and parts thereof used to transport persons or property in interstate or foreign commerce are subject to tax imposed in this chapter only to the extent provided herein. The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier during the previous fiscal year of the carrier, such ratio to be determined at the close of the carrier's fiscal year. This ratio shall be applied each month to the total purchases by the carriers of vehicles and parts thereof which are used in Florida to establish that portion of the total used and consumed in intrastate movement and subject to tax under this chapter."
The legislative intent in Chapter 212 is thus expressed in Sec. 212.081, subdivision (3)(a):
"It is further declared to be the legislative intent that the tax levied by this chapter and imposed by this section is not a tax on motor vehicles as property but a tax on the privilege to sell, to rent, to use or to store for use in this state motor vehicles; ..."
However, in an attempt to interpret or implement the above-quoted Sec. 212.08, subdivision (9) the Florida Revenue Commission has promulgated the following rules, as set forth in Chapter 318-1.64:
"(1) The retail sales tax is imposed on the sales price of each item or article of tangible personal property when sold at retail in this state. However, the tax does not apply to sales which are not within the taxing powers of this state. This involves interstate and foreign commerce... .
"(5)(a) Vehicles and parts thereof used to transport persons or property in interstate or foreign commerce are taxable at 3% under Chapter 212, F.S., only to the extent provided therein. The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage travelled by the carrier during the previous fiscal year of the carrier, such ratio to be determined at the close of such fiscal year... .

*144 "(6) Proration is allowed on vehicles licensed by a governmental agency as common carriers to transport or move either passengers or property across state lines or in foreign commerce... .
"(9) Trucking Companies engaged in transporting fruits, vegetables, seafood or livestock from Florida to other states are not entitled to proration purchases of parts for motor vehicles used exclusively in interstate commerce unless they are licensed as common carriers... .
"(11) The rental charge for a motor vehicle leased in this state to a licensed common carrier engaged exclusively as a common carrier in interstate commerce is subject to proration... ."
It will be seen, then, that in subdivision (9) of this rule a condition is added that the Legislature did not put in the statute  namely, that the mentioned trucking companies are not entitled to "proration purchases of parts for motor vehicles used exclusively in interstate commerce unless they are licensed as common carriers."
The appellant's main argument in this appeal is that there "is no sound basis for such restrictions or limitations" and "the rule attempting to impose the same is unlawful."
As noted in subdivision (1) of the said rule, the purpose of the exemption is to exclude from the sales tax those transactions which are not within the taxing powers of the state, viz: transactions involving interstate and foreign commerce. The tax imposed against the plaintiff is directly opposed to the stated purpose.
In innumerable decisions the appellate courts of Florida have pointed out that, where a regulatory body is created by statute and endowed with the authority to promulgate rules and regulations to carry into effect the statutory provisions, the rules and regulations must be consistent with those provisions and must not amend those provisions for instance, in Lewis v. Florida State Board of Health, 143 So.2d 867 (Fla.App. 1962), reh. den. September 18, 1962, this court said the following with reference to the limited authority of a regulatory body to promulgate rules and regulations:
"The legislature may not delegate the power to enact a law, to declare what a law shall be, or to exercise an unrestricted discretion in applying a law. The legislature in enacting a law complete in itself may especially authorize an administrative commission within fixed and valid limits to provide rules and regulations for the complete operation and enforcement of the law within its express general purpose. The true distinction, therefore, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and the conferring of authority or discretion to make rules and regulations as to the execution of a properly enacted law. A statute that is too vague and incomplete as a law in itself cannot be used as the vehicle for an administrative body to proceed to establish, attempt and promulgate a code for regulating a particular industry. The rule-making power of the Board is limited to the making of rules and regulations necessary to the enforcement of the act. It is incumbent upon an agency relying on an act as authority for its regulations to prescribe only such regulations as come within the specifications laid down. `When regulations are to be imposed in order to promote health, welfare, safety and morals it is necessary that exactions be fixed in the ordinance with such certainty that they not be left to the whim or caprice of the administrative agency....'"
As pointed out earlier in this opinion, the plaintiff does not have a certificate or permit issued by the Interstate Commerce Commission authorizing it to engage in any "for hire" transportation business by motor vehicle in interstate commerce, as provided by Sec. 303(c) of the Interstate *145 Commerce Act. Therefore, under the above-quoted Sec. 212.08, subdivision (9), the plaintiff is entitled to the benefit of proration, while under the Commission's rule, Chapter 318-1.64, subdivision (9), the plaintiff is not so entitled. Under these circumstances the statute must prevail and the said rule must be held to be ineffective.
Therefore, the order appealed from herein must be, and it is, reversed, and the cause remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
SPECTOR, C.J., and JOHNSON, J., concur.