QUESTIONS: 1. Are the rules set forth in Ch. 1A-26.051, F.A.C., within the scope of authority granted to the Department of State by the statutes under which such rules were promulgated? 2. May the Department of General Services, through the Division of Purchasing, approve the purchase of power filing equipment without the issuance of a certificate of need or feasibility by the Department of State?
SUMMARY: To the extent Ch. 1A-26.051(c), F.A.C., is interpreted as restricting the statutorily reposed discretion of the Division of Purchasing to approve acquisitions by agency users, it does not appear to be authorized by Ch. 267, F.S. The Division of Archives may, however, properly submit a recommendation with pertinent acquisition requests submitted to the Division of Purchasing. According to the facts stated in your letter, the Department of State has denied the Department of Administration's certification of need to purchase certain power filing equipment. Subsequent to this denial, the Department of Administration requested that your department approve this purchase, without Department of State approval, pursuant to s. 287.042, F.S. As alternatives, the Department of State suggested purchase of available surplus equipment from another agency which may be acquired without a certificate or the adoption of a system previously abandoned by the Department of Administration. The Division of Archives, History, and Records Management [Dept. of State] is statutorily authorized to adopt such rules and regulations as it deems necessary to carry out its duties and responsibilities. Such properly authorized and promulgated rules shall be binding on all agencies affected thereby. Pursuant to s. 267.051(1)(h), (i), and (p) and s. 267.031(4), F.S., the Department of State has promulgated Ch. 1A-26.051, F.A.C., which provides in pertinent part: (C) No power file equipment, as defined above, may be acquired by purchase or lease, including informal and formal bidding, without first obtaining the approval of the Division of Purchasing, Department of General Services, as required by Chapter287.042(9), F.S. The request for approval shall be made in writing to the Division of Purchasing accompanied by a Certificate of Need and Feasibility furnished by the Division of Archives, History and Records Management, Department of State. Section 267.051(6) imposes a duty on state agencies to cooperate in implementing Ch. 267, F.S., and to "establish and maintain an active and continuing program for the economical and efficient management of records." See Ch. 1A-21.06, F.A.C.
As to actual purchasing duties, powers, and authority, the legislature has delegated these functions to the Division of Purchasing, Department of General Services by Part III, Ch. 287, F.S. The division is statutorily empowered to contract for the acquisition of all items required by state agencies and any such purchasing "shall be in strict accordance with the rules, regulations and procedures prescribed by the department of general services." Section 287.042. No agency is permitted to purchase any commodity (equipment) covered by purchasing regulation, and the comptroller cannot approve payment of any such commodity except as authorized by the division's regulations. Section 287.042(8), Ch. 13A-1, F.A.C. Under Chs. 267 and 287, F.S., the Division of Archives and the Division of Purchasing share some similar advisory responsibilities as to the promotion and development of economical and efficient records management programs. Compare s. 267.051(1)(h), (i), (m), (o), (p) with s. 287.032; AGO's 071-7 and 071-51. The ultimate purchasing authority, duty, and power, however, have been legislatively delegated to the Division of Purchasing. The Division of Archives is directed to: Establish and administer a records management program; analyze, develop, establish, and coordinate record-making procedures; make continuous surveys of record-keeping operations; and recommend improvements in current record management practices. Substantially lacking in the statutory powers and the rule-promulgating authority granted the Division of Archives is a reference to a restriction upon the Division of Purchasing's statutory authority to approve all purchases. Attorney General Opinion 073-489. All rules must be consistent with the statutes implemented and the rule must not, as here, effectively amend the statute. Florida Growers Coop Transport v. Dept. of Revenue, 273 So.2d 142 (1 D.C.A. Fla., 1973) cert. denied 279 So.2d 33 (Fla. 1973); Mourning v. Family Publications Service, 411 U.S. 256 (1973). Although the Division of Archives is well within its statutory authority to submit a recommendation with pertinent acquisition requests submitted to the Division of Purchasing, its certificate of need and feasibility may not serve to interfere with or otherwise impede the discretion vested, by the legislature, in the Division of Purchasing. This conclusion does not consider a possible legislative policy decision that the certificate of need and feasibility may be an appropriate statutory requirement.