RYDER, Judge.
On the morning of February 21, 1977, believing there was a violation of the Laws of Florida pertaining to seafood quality control, Florida Marine Patrol Officers approached The Dudley, a shrimp boat at anchor in Charlotte Harbor, boarded it, conducted a search without a warrant and seized a large quantity of marijuana from the hold. Several individuals on board The Dudley, including appellant, were arrested.
Thereafter, appellant was charged by a two count information with feloniously bringing cannabis into Florida and felonious possession of cannabis in excess of 100 pounds, violations of Section 893.13, Florida Statutes. Appellant pleaded not guilty and moved to suppress all evidence on the ground that it was obtained by an unlawful search and seizure. An evidentiary hearing on appellant’s motion to suppress was held on June 20, 1977. In sum, the Florida Marine Patrol Officers testified they believed at the time they boarded The Dudley that shrimp or other seafood was unlawfully on board and/or that there was a violation of seafood quality control. The officers also testified as to their reasons for arriving at this belief. Testimony was also given regarding the seizure of the quantity of marijuana from The Dudley’s hold.
At the conclusion of the suppression hearing, the trial judge stated, “Gentlemen, I don’t know why we even had this hearing. The statute gives the officer the authority to go in. . . . I think there is no question they were obligated to search that boat. The statute gives them the power to do so. And to differ with the attorneys, it doesn’t say ‘probable cause’ at all. Those words are not used in the statute. It says they have the authority without a search warrant to enter if they believe that fish or any saltwater products are taken or kept on board — they have that authority. . I will deny your motion.” Subsequently, a written order denying the motion to suppress evidence was entered.
Appellant then changed his plea of not guilty to nolo contendere, reserving the right to appeal the issue of the denial of his motion to suppress. Appellant was adjudicated guilty and sentenced to a term of 365 days in the Lee County Jail.
Appellant now challenges the denial of his motion to suppress evidence and advances several points of argument. We hold that error of reversible proportions occurred and remand for a new hearing on the suppression motion.
With due respect, it is our view that the trial court misconstrued and misapplied the law by failing to employ the standard of probable cause in determining the suppression issue, as mentioned above. The statute referred to by the trial judge which is material to a disposition of this case is Chapter 370, “Saltwater Fisheries and Conservation”, charging the Department of Natural Resources with various duties and empowering the Department and its officers with certain necessary authority. Specifically, *796 Section 370.021(5), Florida Statutes (1977), provides in pertinent part:
“(5) POWERS OF OFFICERS. — The department may designate such employees of the several divisions, as it may deem necessary in its discretion, as law enforcement officers ... of this state with full power to investigate and arrest for any violation of the laws of this state and the rules and regulations of the department under their jurisdiction . . . Such law enforcement officers shall have the authority, without warrant, to board, inspect, and search any boat , . .or vehicle engaged in transporting or storing any fish or fishery products. Such authority to search and inspect without a search warrant is limited to those cases in which such law enforcement officers have reason to believe that fish or any saltwater products are taken or kept for sale, barter, transportation, or other purposes in violation of laws or rules promulgated under this law. . . . Such law enforcement officers may arrest any person in the act of violating any of the provisions of this law, rules or regulations of the department, ... or any of the laws of this state.” [emphasis added.]
Although the trial court correctly noted that the statute quoted above does not expressly use the term “probable cause”, it erred in apparently overlooking the case of Hill v. State, 238 So.2d 608 (Fla.1970) in which the Florida Supreme Court construed Section 370.021(5), Florida Statutes (1967), which did not differ in any material way from the current section. Our supreme court held that the “reason to believe” limitation on the authority of the officers to search the boat, without a search warrant, was equivalent to a requirement of probable cause to believe that a conservation rule or law was being violated.
Thus, a determination of whether the marine patrol officers had the lawful statutory authority pursuant to Section 370.021(5) to search The Dudley without a warrant depends upon whether the officers had probable cause to do so. The trial court erred by not applying this standard to the evidence adduced.
In this regard, we note here that the legal authority of the marine officers to search the boat without warrant must derive from Section 370.021(5), Florida Statutes, quoted above, and not from the particular rule adopted by the Department of Natural Resources on the same point, to wit, Seafood Quality Control Code Rule 16B-27.23 which states:
“Inspection of boats engaged in transporting seafood in primary or secondary production.
The Department or its agents shall have authority, without warrant, to board, inspect and search any boat or vehicle engaged in transporting any primary or secondary seafood, as often as may be deemed necessary for enforcement of the provisions of this subsection and for protection of the public health.”
To the extent that this administrative regulation purports to permit a warrantless search without any requirement of probable cause, it is contrary to the controlling statute, Section 370.021(5), and we hereby declare it invalid as beyond the quasi-legislative rule-making authority conferred upon the Department of Natural Resources by the legislature. This fundamental principle of law is stated in 2 Am.Jur.2d Administrative Law § 300 (1962), “Administrative rules and regulations, to be valid, must be within the authority conferred upon the administrative agency. ... To the extent that a regulation is not in conformity with the statute and with controlling judicial interpretations of the statute it conflicts with the meaning of such statute and so is unauthorized; and regulations must conform, not only with the statute under which they are issued, but also with the constitution and other laws.” See also DeThorne v. Beck, 280 So.2d 448 (Fla. 4th DCA 1973); Florida Growers Coop. Transport v. Department of Revenue, 273 So.2d 142 (Fla. 1st DCA 1973).
In view of this disposition of this cause, we need not address the other arguments raised by appellant.
*797 Accordingly, we REVERSE the judgment and sentence appealed from and REMAND this cause for a new hearing on appellant’s motion to suppress in accord with the standards set forth in this opinion.
GRIMES, C. J., and BOARDMAN, J., concur.