493 So.2d 23 (1986)
FOOD 'n FUN, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. BK-135 to BK-137.
District Court of Appeal of Florida, First District.
July 28, 1986.
Rehearing Denied September 18, 1986.
Charles M. Wynn, Marianna, for appellant.
Maxine F. Ferguson and Franz Dorn, Tallahassee, for appellee.
WILLIS, BEN C. (Ret.), Associate Judge.
In each of the above-styled cases, Food `n Fun appeals from a final order of the Department of Transportation revoking outdoor advertising permits pursuant to Section 479.08, Florida Statutes (1984 Supp.). While each case involves certain unique facts, they share the identical issue of law. The cases are therefore sua sponte consolidated for purposes of this opinion. We reverse.
No outdoor advertising sign may be erected or maintained within 660 feet of the nearest edge of the right of way of any portion of the interstate highway system except in zoned or unzoned commercial areas. Sections 479.11(1), 479.111(2), Florida Statutes. At the time these permits were issued, Section 479.01(10) provided that an unzoned commercial area was "an area within 660 feet of the nearest edge of the right-of-way of the interstate ... in which there is located one or more industrial or *24 commercial activities... ." Section 479.01(10)(d) stated that an activity "not visible from the main-travelled way" could not be recognized as commercial. "Visible" was defined by Section 479.01(17) as "capable of being seen without visual aid by a person of normal visual acuity."
Food 'n Fun applied for the permits involved in Case No. BK-135 in 1979, relying for the required commercial activity on a welding business, which was carried on in a tin shed which it was undisputed could be seen from the right-of-way, Interstate 10 in Jackson County. The permits in BK-136 were applied for in 1980, in reliance on a dairy supply business, located in a building which could also be seen from the highway. Finally, the permits in BK-137 were applied for in 1978, relying on a sausage-making business, conducted in a block building which could be seen from the highway.
In all of these cases, the inspector "field approved" the permits following on-site inspections. They were then approved by the District Administrator and forwarded to Tallahassee for issuance. Food 'n Fun thereafter was permitted to renew all of these permits annually until October, 1984, at which time it received "notices of violation" stating that the signs were not in a "commercial or industrial area."
This allegation was expanded upon at hearings on the notices requested by Food 'n Fun. DOT stated as to all of these permits that the crux of the alleged violations was that, even though the buildings wherein the various activities were being conducted could be seen from the highway, there was no indication to highway traffic that any commercial activity was in progress, such as a business sign, employees at work, cars in a parking lot, etc. With regard to the welding and dairy supply business, there was also evidence that those businesses were no longer in operation at the time of the hearing.
Pursuant to Section 479.08(1), Florida Statutes, "the department may ... revoke any permit issued by it ... in any case where it shall appear to the department that the application for the permit contains knowingly false or misleading information or that the permittee has violated any of the provisions of this chapter... ." Testimony by DOT representatives at the violation hearings indicates that the agency was relying on the emphasized ground to revoke Food `n Fun's permits, claiming that, based on the invisibility from the highway of commercial activity in progress, the permittee had "violated the chapter," specifically Section 479.01(10) (activity not visible from the main-travelled way), in the placement of its signs.
The hearing officer issued his recommended order finding that, regardless of the initial approval of the applications, the statutory prerequisites for the erection of lawful signs were not present when the applications were submitted in that the activities relied on were not "visible from the main-traveled way," i.e. there was "nothing to indicate to I-10 traffic that a... business was up there." He rejected the applicant's argument that DOT was estopped by its approval from revoking the permits because no factual representations had been made that were contrary to a later asserted position. He recommended that the permits be revoked and the signs removed. The recommended order was adopted by the agency as its final order revoking the permits.
An administrative agency, empowered to revoke a permit for reasons specified in a statute, may not revoke such permit for any cause not clearly within the ambit of its statutory authority, as statutes authorizing revocation must be strictly construed. Rush v. Department of Professional Regulation, 448 So.2d 26 (Fla. 1st DCA 1984). In this case, DOT relies on that portion of Section 479.08 which authorizes revocation based on violation of Chapter 479 by the permittee, in this case by placing signs in what DOT later determined to be a non-commercial zone.
We do not believe that, under the circumstances of this case, Food `n Fun has violated the chapter. At the time it took its only affirmative action, i.e. erecting the subject signs, they conformed to the law as *25 DOT was then interpreting it and as it continued to interpret it for several years preceding these hearings. It cannot be said that, when that interpretation changes so as to render a previously lawful sign nonconforming, the permittee has committed a violation of the chapter so as to support revocation of his permits under Section 479.08.
Therefore, strictly construing, as we must, the statute authorizing revocation of outdoor advertising permits, DOT cannot use the vehicle of revocation for the removal of these signs and the final order herein must be reversed. See also Wainwright v. Department of Transportation, 488 So.2d 563 (Fla. 1st DCA 1986). However, we agree with the agency that it is not altogether estopped from requiring that the subject signs be removed. Section 479.24, Florida Statutes, makes clear provision for the appropriate actions to be taken in the event a previously lawful sign becomes nonconforming and it is to that provision that DOT is referred in the event it desires to take further action on this matter.
Reversed.
WENTWORTH and NIMMONS, JJ., concur.