492 So.2d 1164 (1986)
TRI-STATE SYSTEMS, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. BJ-426.
District Court of Appeal of Florida, First District.
August 12, 1986.
*1165 Gerald S. Livingston, Orlando, for appellant.
Maxine F. Ferguson, Dept. of Transp., for appellee.
WENTWORTH, Judge.
This is another in the recent series of appeals from Department of Transportation orders on outdoor advertising. The final order here in question revoked permits issued in 1981 and ordered removal of the signs for violation of sections 479.01(10)(f) and 479.11, Florida Statutes.[1] We reverse on the rationale stated in Food `N Fun, Inc. v. Department of Transportation, 493 So.2d 23 (Fla. 1st DCA 1986), and Wainwright v. Department of Transportation, 488 So.2d 563 (Fla. 1st DCA 1986), because we find error in the application of section 479.08(1), Florida Statutes[2] to conclude in this case that "the permittee has violated ... the provisions of" Chapter 479, Florida Statutes. The order does not find explicitly that the application contained "knowingly false or misleading information" as required for the alternative ground in the statute, and the facts do not warrant such an inference as found in Salter Outdoor Advertising Inc. v. Department of Transportation, 492 So.2d 408 (Fla. 1st DCA 1986).
The thrust of the Department's argument is that the permits were illegal ab initio for "lack of a ... commercial area" as stated in the notice of revocation; and that even when Department agents err in issuing a permit any such "action ... out of harmony with the underlying legislation is a mere nullity."[3] We find, however, that on the record before us[4] any "error" by the department in issuing the permits was in interpretation of statutory terms, a matter clearly within its authority when the permits were issued. As Wainwright notes:
[I]n the absence of definition by rule or statute of the critical term `commercial activity,' the permitting statute plainly means what DOT interprets it to mean at any given time. It is thoroughly specious *1166 to argue that when that interpretation changes, at any time and for whatever reason, the permittee has violated the chapter so as to support revocation of his permits.
The same latitude exists under the statute for administrative discretion in application of the terms "building principally used as a residence" (e.s.) in section 479.01(10)(f), Florida Statutes. The orders here contain no specific findings as to the nature or degree of residential use of the structure, and the evidence is equally ambiguous. It is therefore not proper, on this record, to conclude that the permits, when issued, violated law or regulations.
Our conclusion above renders moot the several other issues presented by appellant. Because we reverse for failure to establish grounds for revocation under section 479.08, Florida Statutes, we need not consider the applicability of alternative provisions in the statutory scheme.
Reversed.
NIMMONS, J., and WILLIS, Associate Judge, concur.
NOTES
[1] Section 479.11, Florida Statutes (1981), provides in part:

No ... advertising sign ... shall be constructed, erected, used, operated or maintained: (1) within 660 feet of the nearest edge of the right-of-way of all portions of the interstate system or the federal-aid primary system except as provided in s. 479.111....
Section 479.111, Florida Statutes (1981), provides in part:
Only the following signs shall be permitted ...:
(2) Signs in ... commercial and industrial unzoned areas... .
Section 479.01, Florida Statutes (1981), provides in part:
(10) `Unzoned commercial or industrial area' means an area ... in which there is located one or more industrial or commercial activities generally recognized as commercial or industrial by zoning authorities ... except ...:
.....
(d) Activities not visible from the main-traveled way.
.....
(f) Activities conducted in a building principally used as a residence.
[2] "... the department may revoke any permit ... where ... the application contains knowingly false or misleading information or ... the permittee has violated any of the provisions of this chapter ... ." (e.s.) Section 479.08(1), Florida Statutes.
[3] The order references decisions which involve illegalities different in character and scope from those asserted here: U.S. v. Larionott, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); Manhatton General Equipment Co. v. Commissioners, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528 (1936); Board of Optometry, Department of Professional Regulation v. Florida Medical Association, 463 So.2d 1213 (Fla. 1st DCA 1985); Roth v. State, 378 So.2d 794 (Fla. 2d DCA 1980); Florida Grocers Coop Transport v. Department of Revenue, 273 So.2d 142 (Fla. 1st DCA 1973).
[4] With refreshing candor the inspector conceded the material facts to have been substantially the same on current site inspection as in 1981, his new recommendation being attributable to a changed "philosophy" as to the law. The recommended order finds, in essence, some visibility of structures and equipment used commercially, but not visibility of "activity."