494 So.2d 267 (1986)
C-SAND COMPANY, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. BJ-392.
District Court of Appeal of Florida, First District.
September 9, 1986.
Gerald S. Livingston, Orlando, for appellant.
Maxine F. Ferguson, Department of Transp., Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an administrative order by which the Department of Transportation (DOT) revoked a permit for an outdoor advertising sign. We reverse the order appealed.
Appellant was issued an outdoor advertising sign permit in 1981. Prior to submitting the permit application appellant contacted a DOT district supervisor who advised that the location of appellant's sign was a permittable site. A DOT field inspector also viewed the location and recommended that the permit be issued, determining that the area was unzoned commercial and that the proposed location was within 800 feet of Imperial Nurseries, a commercial activity. A DOT administrator then inspected the proposed site and the application was approved.
In 1984 another DOT administrator inspected the site and determined that Imperial Nurseries is an agricultural, rather than a commercial, activity. DOT then issued a notice of violation indicating an intent to revoke the permit upon a determination that the location is "not zoned or unzoned commercial or industrial... ." An administrative hearing was held, and it was *268 noted that DOT has no written guidelines as to what constitutes "agricultural" activity. However, the DOT administrator suggested that an error had been made when appellant's permit was originally issued, and testified that he applied the same criteria as were then in effect. The hearing officer entered a recommended order indicating that appellant's application contained neither false nor misleading information, and that appellant did not violate any provisions of Chapter 479, Florida Statutes. It was thus recommended that appellant's permit not be revoked. However, DOT entered a final order concluding that appellant had "submitted an application for a site which was in violation of Chapter 479, F.S." DOT therefore revoked appellant's sign permit.
The factual circumstances of this case are similar to those presented in Wainwright v. State of Florida Department of Transportation, 488 So.2d 563 (Fla. 1st DCA 1986), a case which also involved a reconsideration of the nature of the business activity conducted at Imperial Nurseries. While section 479.08, Florida Statutes, provides for permit revocation when "the permittee has violated any of the provisions of this chapter," in Wainwright this language was construed as requiring an "affirmative violation" beyond mere compliance with a prior position from which DOT subsequently recedes. See also, Food 'N Fun v. Department of Transportation, 493 So.2d 23 (Fla. 1st DCA 1986). As in Wainwright, in the present case such an affirmative violation has not been established, and section 479.08 thus does not authorize the revocation of appellant's sign permit.
The order appealed is reversed.
MILLS and NIMMONS, JJ., concur.