500 So.2d 182 (1986)
TRI-STATE SYSTEMS, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. BJ-428.
District Court of Appeal of Florida, First District.
September 11, 1986.
Gerald S. Livingston, Orlando, for appellant.
Maxine F. Ferguson and A.J. Spall, Dept. of Transp., Tallahassee, for appellee.
ZEHMER, Judge.
Tri-State Systems, Inc. (Tri-State), appeals from a final order of the Department *183 of Transportation (DOT) revoking outdoor advertising permits pursuant to section 479.08, Florida Statutes (1983).[1]
In July 1983 Tri-State applied for permits to erect two stacked, back-to-back outdoor advertising signs on the south side of I-10 in Jackson County. The permit applications stated that the locations were in an unzoned commercial or industrial area within eight hundred feet of a business known as Dave's Garage.[2] DOT's outdoor advertising inspector visited the site on two occasions, noting that the top of a tin building and the top of a house were visible from the interstate. Based on his inspection of the site and Tri-State's representation that a business existed there, the inspector approved the application and the permits were issued. In September 1984 DOT issued notices of violation to Tri-State, stating there was an absence of visible commercial activity within the area to qualify the sites as unzoned commercial or industrial areas, and commenced proceedings under section 479.08, Florida Statutes (1983), to revoke the permits.
At an administrative hearing held in March 1984, the hearing officer concluded that even though the applications were approved by the inspector and the permits issued, the statutory prerequisites for the erection of lawful signs were not present when the applications were submitted. Activities not visible from the "main-traveled way" were excluded by the statutory definitions from qualifying a location as an unzoned commercial or industrial area.[3] The hearing officer recommended that the permits be revoked and the signs removed. In its final order, DOT adopted the recommendation and revoked Tri-State's sign permits. It was not found that "Dave's Garage" was not a bona fide business when the permit was originally approved.
We hold that Tri-State has not been shown to have violated section 479.08. Section 479.02(3) requires DOT to "determine unzoned commercial areas and unzoned industrial areas" when that is the basis for an application. DOT is, therefore, under a statutory duty to investigate and make that determination when an application is initially granted. DOT cannot thereafter revoke a permit for false application because it, not the applicant, made a mistake; otherwise, there would be no finality to the agency's action in issuing the permit. Tri-State Systems, Inc. v. Department of Transportation, 492 So.2d 1164 (Fla. 1st DCA 1986).
At the time the signs were erected, they conformed to the law as DOT then interpreted it. Although DOT may revoke a permit for the reasons specified in the statute, it may not do so because DOT's interpretation of that statute has subsequently changed. "It cannot be stated that, when that interpretation changes so as to render a previously lawful sign nonconforming, the permittee has committed a violation of the chapter so as to support revocation of his permits under section 479.08." Food 'n Fun, Inc. v. Department of Transportation, 493 So.2d 23 (Fla. 1st DCA 1986). See also Wainwright v. Department of Transportation, 488 So.2d 563 (Fla. 1st DCA 1986).
The appealed order is REVERSED.
BOOTH, C.J., and JOANOS, J., concur.
NOTES
[1] Section 479.08 states in part:

The Department has the authority to revoke any permit... in which it determines that the application for the permit contains knowingly false or misleading information or that the permittee has violated any of the provisions of this chapter.
[2] Section 479.111, Florida Statutes (1983), provides in part:

Only the following signs shall be allowed within controlled portions of the interstate highway system...:
(2) Signs in ... commercial-unzoned and industrial-unzoned areas and within 660 feet of the nearest edge of the right-of-way... .
[3] Section 479.01(20)(d), Florida Statutes (1983), states that activities "not visible from the maintraveled way" cannot be recognized as commercial or industrial uses.