497 So.2d 685 (1986)
T & L MANAGEMENT, INC., and William M. Terry, D/B/a T & L Management, Inc., Appellants,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. BL-235, BL-377, BL-437, BL-438, BM-97 and BM-98.
District Court of Appeal of Florida, First District.
October 29, 1986.
Rehearing Denied November 25, 1986.
*686 Eric H. Faddis of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellants.
Maxine F. Ferguson and A.J. Spalla, Dept. of Transp., Tallahassee, for appellee in Nos. BL-235, BL-437, BM-97 and BM-98.
Maxine F. Ferguson, A.J. Spalla and Franz Eric Dorn, Dept. of Transp., for appellee in Nos. BL-377 and BL-438.
ERVIN, Judge.
In each of the above-styled cases T & L Management, Inc. (T & L), appeals from a final order of the Florida Department of Transportation, revoking outdoor advertising permits pursuant to Section 479.08, Florida Statutes (Supp. 1984). The cases involve similar legal issues and factual situations and are consolidated sua sponte for purposes of this opinion. We affirm the orders appealed from in all six cases.
All of the above cases involve permits which were issued by DOT for outdoor advertising signs adjacent to Interstate 10 or Interstate 110 in Escambia County, Florida, in areas, as reflected on the applications submitted by T & L or its assignor to be within 800 feet of an unzoned commercial or industrial business. Applications for the permitting of outdoor advertising along interstate highways in Florida are regulated by Chapter 479, Florida Statutes, and Florida Administrative Code Rule 14-10.09. Specifically, Section 479.111, Florida Statutes, prohibits outdoor advertising adjacent to interstate highways within 660 feet of the nearest edge of the right-of-way, except within zoned or unzoned commercial areas. Florida Administrative Code Rule 14-10.09(2), Section I.1.B., limits unzoned commercial or industrial areas to "within eight hundred (800) feet of such commercial or industrial activity." Section 479.08, Florida Statutes (Supp. 1984), provides the department with "the authority to deny or revoke any permit requested or granted under this chapter in any case in which it determines that the application for the permit contains knowingly false or misleading information or that the permittee has violated any of the provisions of this chapter... ."
There is competent, substantial evidence in all of the cases on review to uphold the findings of fact by the hearing officer in his recommended orders, subsequently adopted by the department in its final orders, stating that the permits violated certain provisions of Chapter 479 at the time of their issuance. The permits were thus revocable pursuant to the authority given to the department in section 479.08.
Case Nos. BL-377, BL-235 & BL-437: In these three cases, competent, substantial evidence supports the findings of fact of the hearing officer that the businesses which provided the basis for approval of the permits issued by the department did not in fact exist when the permits were issued. Thus, the permits never complied with the requirements of Chapter 479, and were revocable pursuant to section 479.08.
In BL-235, the hearing officer concluded as a finding of fact "that the antique business at this location is a sham perpetuated by the Respondent to circumvent the requirements of Chapter 479, Florida Statutes." Implicit in this finding of fact and in the record of this case is the conclusion that the permit application contained knowingly false and misleading statements. The permit in BL-235 was accordingly revocable pursuant to section *687 479.08 as containing false and misleading statements. See Bill Salter Outdoor Advertising, Inc. v. Department of Transportation, 492 So.2d 408 (Fla. 1st DCA 1986).
Case Nos. BL-438 and BM-98: In both these cases the hearing officer made specific findings of fact that the businesses which provided the basis for approval of the sign permits by the department were located in structures principally used as residences. As such, these businesses cannot be considered unzoned commercial under Section 479.01(10)(f), Florida Statutes (1983), which excludes from the definition of unzoned commercial "[a]ctivities conducted in a building principally used as a residence." BL-438 and BM-98 are distinguishable from Tri-State Systems v. Department of Transportation, 492 So.2d 1164 (Fla. 1st DCA 1986), wherein this court reversed revocation of sign permits because "the order contain[ed] no specific findings as to the nature or degree of the residential use of the structure and the evidence is equally ambiguous." Id. In the instant cases, the record and the orders are clear that the structures were primarily residential in nature, and the permits were therefore revocable pursuant to section 479.08.
Case No. BM-97: This case involves the revocation of a permit for an unbuilt sign. There exists competent, substantial evidence to support the hearing officer's finding of fact that the business which provided the basis for the department's approval of the permits was located more than 800 feet from the closest possible location where the sign could be constructed. Therefore, the sign permits were revocable pursuant to section 479.08.
In all of the above cases the appellant argues that the department may not revoke permits because the permits were not issued illegally, but rather the department had merely changed its policy. We acknowledge that a mere change in policy does not provide DOT with the authority to revoke a permit pursuant to section 479.08. See Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 182 (Fla. 1st DCA 1986); C-Sand Company v. Department of Transportation, 494 So.2d 267 (Fla. 1st DCA 1986); Food 'N Fun, Inc. v. Department of Transportation, 493 So.2d 23 (Fla. 1st DCA 1986); Wainwright v. Department of Transportation, 488 So.2d 563 (Fla. 1st DCA 1986). In the instant cases, however, where permits are issued in clear violation of the unambiguous language of Chapter 479 and Florida Administrative Code Rule 14-10.09, DOT clearly has the authority, pursuant to section 479.08, to revoke permits previously issued.
Appellant in each case raises the argument of estoppel, arguing that if the department is legally authorized to revoke the permits, it is nevertheless equitably estopped from so doing. The first element of estoppel is "`a representation as to a material fact that is contrary to a later-asserted position.'" Salz v. Department of Administration, Division of Retirement, 432 So.2d 1376, 1378 (Fla. 3d DCA 1983). We agree with the conclusion of law of the hearing officer in each of these cases that estoppel is not appropriate because it was the applicant  not the agency  which made the initial representations upon which the department relied, when originally approving the permits.
Appellant also contends in all six cases that it is entitled to just compensation pursuant to Section 479.15(2), Florida Statutes (Supp. 1984). We disagree. Sections 479.15(2) and 479.24(1) provide for just compensation for the removal of a "lawful nonconforming sign." Compensation is only appropriate where signs were initially lawfully constructed and later became non-conforming due to a change in policy of the department. Wainwright, 488 So.2d at 566. Because, however, it has been determined in all of the above cases that the permits were issued illegally, they therefore cannot be considered "lawfully" *688 erected and subject to compensation pursuant to Chapter 479.
AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.