ZEHMER, Judge.
Chipley Motel appeals a final order of the Department of Transportation (DOT) revoking its outdoor advertising permit pursuant to section 479.08, Florida Statutes (1983). Chipley raises two points on appeal: (1) that DOT erred in determining that the permit should be revoked on the ground that Chipley violated the provisions of chapter 479, Florida Statutes; and (2) that DOT erred in rejecting the hearing officer’s recommended order ruling that DOT is estopped to revoke the permit because Chipley acted in reliance on the representations of DOT personnel.
In October 1984, DOT notified Chipley Motel that its sign located on the south side of I — 10, 1.4 miles west of SR 77 in Washington County, was in violation of section 479.11, Florida Statutes (1983), and rule 14-10.05(1), Florida Administrative Code. *1358 DOT sought to revoke Chipley’s permit and remove the sign on the ground that there has never been any zoning in effect at this location which would qualify it as a per-mittable site. The record contains competent substantial evidence in support of the following findings of fact.
In February 1979 the Chipley Motel, acting through its manager, Linda Cain, filed an application with DOT for a permit to erect the outdoor advertising sign adjacent to I — 10. The manager went to DOT’s office in Chipley and filled out the permit application with the assistance of Jack Cul-pepper, DOT’s Supervisor of the Bureau of Right-of-Ways, and James Williams, an Outdoor Advertising Inspector. Mrs. Cain had no independent knowledge of the zoning or lack of zoning on the proposed site, and after DOT’s representatives made an inquiry of county employees to determine the zoning at the proposed site, they instructed her to put a checkmark in the portion of the application stating that the area was zoned commercial or industrial. Thereafter DOT’s representatives made a site inspection, final approval was given, and the permit was issued. Chipley Motel then constructed an outdoor advertising sign at the location in conformance with the permit, and it has paid all permit renewal fees since 1979.
After DOT served notice on appellant in 1984 that the sign was being maintained in violation of section 479.11 because the site was not zoned commercial or industrial and commenced these proceedings to revoke the permit, Chipley requested and was granted a formal administrative hearing pursuant to section 120.57(1). After receiving testimony and documentary evidence, the hearing officer determined that the site was not now and never had been zoned commercial or industrial; nor was there any commercial or industrial activity within 800 feet of the subject sign’s location which would qualify the site as an unzoned commercial or industrial area. §§ 479.11 and 479.111, Fla.Stat. (1984 Supp). The hearing officer concluded, however, that all the elements necessary to estop DOT were present in that DOT represented a material fact to appellant’s manager, appellant relied on this representation and changed position to its detriment, and DOT was now asserting, as the basis for revoking the motel’s permit, a contrary position to that it initially represented. The hearing officer’s recommended order concluded that the statutory requirements of section 479.-08 necessary for permit revocation were not present because Chipley Motel had not been shown to have violated the provisions of chapter 479. Although the sign was located at an unzoned site in violation of the provisions of chapter 479, the error and violation was caused by DOT, not Chipley Motel.
In its final order DOT accepted the hearing officer’s findings of fact and his conclusion of law that Chipley’s sign was placed in violation of chapter 479 because it stood in an area that was not permittable. DOT rejected the hearing officer’s conclusion that the department was estopped to revoke appellant’s permit, concluding that the doctrine of estoppel was not applicable and that maintenance of the sign in its present location was contrary to Florida law. The final order states in part:
Section 479.08, Florida Statutes, authorizes the Department to revoke a permit when:
... the application for the permit contains knowingly false or misleading information or ... the permittee has violated any of the provisions of this chapter .... (Emphasis Supplied)
The Department, in asserting its authority in the instant case, relies on the underscored portion of the statute for revocation, independent of whether the permit contained “knowingly false or misleading information.” In its general sense, the word “or” as used in the statute is a distinctive article indicating an alternative. ... The sign at issue is erected in an area which is not permittable under Chapter 479, Florida Statutes. The per-mittee has, accordingly, violated the provisions of Chapter 479 and under Section 479.08, the Department may revoke the permit at issue.
*1359 DOT revoked the permit and ordered that Chipley remove the sign within thirty days of the final order.
We hold that Chipley has not been shown to have committed an affirmative violation of chapter 479 so as to subject its permit to revocation under section 479.08. DOT is charged by chapter 479 with the obligation of administering chapter 479 to make certain that signs are not improperly permitted, erected or maintained. § 479.-02, Fla.Stat. (1988); rule 14-10.02, Fla.Admin.Code. Here, DOT personnel assisted appellant’s manager in filling out the permit application, undertook to determine the zoning status of the site, instructed her to check the box marked for areas zoned commercial or industrial, and made a site inspection of the property before final approval was given and the permit was issued. In gratuitously undertaking to give such assistance to the applicant, DOT’s employees were under a duty to do so with reasonable care. Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 212 (Fla. 1st DCA 1986). There is competent, substantial evidence in the record to support the hearing officer’s finding of fact that DOT, not Chipley Motel, made the error or mistake in the application in respect to the zoning classification of the site. The plain language of section 479.08 requires an affirmative act by the permittee which violates the statute. See C-Sand Company v. Department of Transportation, 494 So.2d 267 (Fla. 1st DCA 1986); Wainwright v. Department of Transportation, 488 So.2d 563 (Fla. 1st DCA 1986). At the time of Chipley’s erection of the sign, it conformed to the permit issued pursuant to the application prepared in accordance with DOT’s instructions and interpretation of the law. Since an affirmative violation by the permittee has not been established, section 479.08 does not authorize the revocation of Chipley Motel’s sign permit.
Moreover, since the entry of the order by DOT in this case, this court has held that DOT may be estopped to revoke a permit in circumstances such as shown here if the evidence supports findings of fact establishing all of the requisite elements of estoppel. Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 212 (Fla. 1st DCA 1986); cf. T & L Management, Inc. v. Department of Transportation, 497 So.2d 685 (Fla. 1st DCA, 1986) (Estoppel not applicable because the representation was not made by DOT but by the applicant on which DOT relied). The hearing officer’s recommended order contained findings of fact, accepted by DOT, which established each element of estoppel. DOT erred in ruling as a matter of law that estoppel was not a legal defense to the petition for revocation of appellant’s permit.
We reverse DOT’s final order and remand with directions to reinstate Chipley Motel’s permit and to dismiss these proceedings.
REVERSED AND REMANDED.
NIMMONS and BARFIELD, JJ., concur.