THOMPSON, Judge.
Carl R. Glass d/b/a Osceola Forge (“Glass”) appeals an administrative order of the Department of Revenue (“DOR”) which assessed him sales taxes, use taxes and interest totaling $5,137.86. DOR recommended that the additional penalties be waived. We have jurisdiction[1] and we affirm the order of the DOR.
Glass owned and operated a business in Osceola County. On the site of his business, he erected a two-sided billboard. The billboard was leased to customers for a monthly fee. The customers could either supply their own labor and material or contract the work out to third parties to create their advertising message. Glass did not collect taxes for the lease of the billboard. When he was audited by DOR, it assessed taxes, interest and penalties. Glass objected to the assessment and filed a protest letter.
A formal administrative hearing was held before a hearing officer from the Division of Administrative Hearings pursuant to section 120.57, Florida Statutes (1993). At the hearing, Glass testified that he called DOR’s office and was told that the lease was a tax exempt transaction and no taxes needed to be collected. He also presented affidavits from his secretary that she had contacted DOR’s office in Maitland five or six times over a five year period and they told her that the taxes did not need to be collected for the billboard because it was a tax exempt transaction. Glass listened in on one conversation that his secretary had with Audit Supervisor Kathy Spivey of DOR’s Titusville office. He said he heard Ms. Spivey say that no taxes were due on the transaction described by his secretary. Glass also presented his phone bills to show that phone calls had been placed from his office to DOR’s offices. Glass testified that he had tried to call DOR’s toll free number in Tallahassee and had not been able to get through because it was busy. Glass did not dispute that the transactions were taxable or that he would have charged and collected the taxes had he known they were due, but argued he should not have to pay the taxes because DOR employees gave him misinformation.
DOR presented testimony that Ms. Spivey had no recollection of the conversation with Glass or his secretary. She testified that she answered 300 to 400 calls a month. She also *686 testified that any answer she gave to callers was based upon the facts they provided to her. The hearing officer recommended that Glass be required to pay the sales and use tax assessment and that the penalties and interest accrued be waived. He found that Glass presented insufficient credible evidence to support a claim that DOR made a misrepresentation of material fact. DOR’s Executive Director issued a final order upholding the assessment of the sales taxes, use taxes, and accrued interest, and waiving the penalties contained in the assessment.
Glass argues on appeal that because he relied to his detriment upon misinformation supplied by DOR employees, the doctrine of collateral estoppel should prevent DOR from assessing the taxes, interest and penalties against him. See George W. Davis & Sons, Inc. v. Askew, 343 So.2d 1329, 1332 (Fla. 1st DCA 1977) (in some cases estoppel will be upheld against the assessment of back taxes if the case involves exceptional circumstances). Glass further argues that the State should be estopped because employees of DOR made misrepresentations as to material facts that were contrary to a later-asserted position; he relied upon those representations; and, he made a detrimental change in his position based upon DOR’s representations. State Dep’t of Revenue v. Anderson, 403 So.2d 397, 400 (Fla.1981) (outlining the elements necessary for estoppel to be applied against a state agency). We disagree because the leasing of the billboard was a taxable transaction that required him to pay the taxes mandated by Florida Statutes and Glass did not establish the elements of estop-pel by sufficient competent evidence. Further, we find Glass did not prove that the state made a misrepresentation as to a material fact that was contrary to a later-asserted position. Finally, no exceptional circumstances existed.
Glass was aware this transaction was taxable because he originally paid taxes, but discontinued these payments after the alleged conversations with DOR employees. He stipulated before the hearing officer that the taxes were due. Glass had statutory notice he was liable for the taxes because “sale” is defined to include the sale or the lease of real property. § 212.031, Fla.Stat. (1993). Glass owed the money because he was in the business of renting real property, i.e., the billboard. The only act that Glass relies upon to prevent payment of the taxes is the alleged oral representations made by DOR employees.
The hearing officer made the following findings. First, the hearing officer found that Glass did not present enough evidence to show that DOR made the representations that no taxes were to be paid. Glass only presented his self-serving testimony and affidavits from his secretary. Second, the hearing officer found that Glass provided the initial representation, not DOR, therefore, estoppel was not appropriate. See T & L Management, Inc. v. Dep’t of Transp., 497 So.2d 685, 687 (Fla. 1st DCA 1986). Even if DOR employees supplied this misinformation, the statements were statements of law based upon details supplied by Glass, not mistakes of material fact. Glass testified that he gave a scenario to the DOR employees and they told him whether the transaction was taxable. The finding that the state relied upon representations made by Glass is antithetical to Glass’ position, particularly since estoppel is only applied against the state in exceptional circumstances. Anderson, 403 So.2d at 400-401. We must accept the hearing officer’s findings as correct because appellate courts are prohibited from substituting their judgment for that of the hearing officer. Clark v. Dep’t of Professional Regulation, Bd. of Medical Examiners, 463 So.2d 328, 330 (Fla. 5th DCA), review denied, 475 So.2d 693 (Fla.1985). For these reasons, we affirm DOR’s decision.
AFFIRMED.
GOSHORN, J., concurs.
W. SHARP, J., concurs specially, with opinion.
W. SHARP, Judge,
concurring specially.
I concur in the result of this case. The hearing examiner who was the “fact-finder” here found: “Petitioner presented insufficient credible evidence to support his claim that DOR had misrepresented the taxability of the billboard rental. The list of telephone *687 calls on Petitioner’s telephone bills do not provide sufficient proof to establish that DOR made any representation to the taxpayer.The hearing officer also found that Petitioner did not detrimentally change his position in reliance on any advice given by the DOR and that any reliance shown on the “limited tax advice” provided was not reasonable.
In short, the hearing officer found petitioner failed to establish the defense of estoppel asserted against the DOR. Those findings are supported by competent and substantial evidence, although contrary evidence was proffered by Petitioner. Under these circumstances, we must affirm.[1]

. Fla.R.App.P. 9.030(b)(1)(C).

. § 120.57(l)(b)10, Fla.Stat. (1993); Department of Transportation, Division of Administration v. Jirik, 498 So.2d 1253 (Fla.1986); Pappas v. Department of Insurance and Treasurer, 568 So.2d 500, 501 (Fla. 3d DCA 1990), rev. denied, 577 So.2d 1328 (Fla.1991); Heifetz v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977).