MORRIS, Judge.
 

 Marcos Guirgis, the husband, appeals a final judgment of dissolution of marriage. He first argues that the trial court erred by applying the principle of equitable adoption and ordering him to pay child support for a child he claims he never adopted. We find this argument to be without merit,
 
 see C.C.A. v. J.M.A.,
 
 744 So.2d 515, 517 (Fla. 2d DCA 1999);
 
 Wade v. Wade,
 
 586 So.2d 1158, 1160 (Fla. 1st DCA 1988), and we affirm this portion of the order without further comment.
 

 His second argument is that the combined alimony and child support awards consume too much of the income imputed to him by the trial court. Notably, however, the trial court found that
 

 [t]he [hjusband clearly has
 
 some
 
 ability to pay in that he has been able to make the mortgage payment on his new business and ... pay his monthly bills.... [T]he court finds that he has drastically minimized his income for the purposes of this hearing.
 

 Clearly then, the trial court believed that the husband was earning more than the minimum wage amount imputed to him and based the financial award on that belief. Our review of this issue is hampered by the lack of a transcript, and the husband has not convinced us there is an error on the face of the record.
 
 See Esaw v. Esaw,
 
 965 So.2d 1261, 1264 (Fla. 2d DCA 2007) (holding that “[t]he most salient impediment to meaningful review of the trial court’s decision is not the absence of findings, but the absence of a transcript” and that because “[t]he appellant has the burden of providing a proper record to the reviewing court ... the failure to do so is ‘usually fatal’ to the appellant’s claims” (quoting
 
 Casella v. Casella,
 
 569 So.2d 848, 849 (Fla. 4th DCA 1990))).
 

 Furthermore, we note that the alimony award was a bridge-the-gap provision which began in July 2009 and which terminates eighteen months thereafter. Thus, a large portion of the financial award will disappear by the end of 2010. Because we must consider the overall scheme of the financial award and not merely refer to the percentages involved,
 
 see Pastore v. Pastore,
 
 497 So.2d 685, 638 (Fla.1986);
 
 Vick v. Vick,
 
 675 So.2d 714, 718 (Fla. 5th DCA 1996), and due to the lack of a transcript, we hold that the trial court did not abuse its discretion in entering the award.
 

 Affirmed.
 

 CASANUEVA, C.J., and KELLY, J., Concur.