257 So.2d 291 (1972)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
BENGIS ASSOCIATES, INC., a Florida Corporation, and Florida Sonesta Corporation, Appellees.
No. 71-675.
District Court of Appeal of Florida, Third District.
January 25, 1972.
Rehearing Denied February 23, 1972.
Stuart L. Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Seymour Kaplan, Patton, Kanner, Tietig & Segal, Miami, for appellees.
*292 Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
Dade County appeals a summary final judgment which enjoins the enforcement against the appellees of a zoning ordinance which regulates the size of wall signs which may be erected in the zoning district where the sign is presently erected. The summary judgment was entered upon the ground that the County was equitably estopped to enforce the ordinance because the appellee sign company had mistakenly applied for a larger size than that permitted by the ordinance; the appellant County had mistakenly issued the permit for the sign and the sign had been erected in reliance upon the permit.[1] We reverse upon a holding that a governmental entity is not estopped from the enforcement of its ordinances by an illegally issued permit which is issued as a result of mutual mistake of fact.
The state, or its political subdivision is not ordinarily estopped by the unauthorized acts of its officers. Greenhut Construction Company v. Henry A. Knott, Inc., Fla.App. 1971, 247 So.2d 517. The rule was applied by this court in City of Miami Beach v. Meiselman, Fla.App. 1968, 216 So.2d 774, where we held that the city was not estopped to revoke a permit which had been obtained in violation of its ordinance. We do not repeat the authorities cited therein.
Appellee's reliance upon Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433 is misplaced in view of the fact that it appears in that opinion that the building permit relied upon was validly issued and subsequently rescinded. In the present instance, the initial mistake or misrepresentation was made by the appellee sign company. We note further that the removal of a wall sign, which has now been used for almost two years, is not such an economic *293 hardship as to provide a strong basis for a plea that the facts of this cause call for an application of any suggested exception to the rule.
Accordingly, the summary final judgment is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.
Reversed and remanded.
NOTES
[1] The trial judge has set out the facts which appear without genuine issue as follows:

"1. That on or about August 7, 1968, a building permit was issued by the Defendant, DADE COUNTY, for the erection of the present SONESTA BEACH HOTEL, located at 350 Ocean Drive, Key Biscayne, Dade County, Florida, which is the property of the intervening Plaintiff herein, FLORIDA SONESTA CORPORATION.
"2. That at the time of the issuance of the aforesaid building permit and at all times since, the property was zoned RU-4A, which permits hotels and motels.
"3. That prior to December 15, 1969, BU-3 zoning similarly permitted hotel and motel use.
"4. That in a BU-3 zoning district, a `wall sign' can contain a maximum of 3,000 square feet more or less.
"5. That this hotel building being in a RU-4A zoning district, its `wall sign' can contain only 102.4 square feet more or less.
"6. That on or about April 13, 1970, the Plaintiff by and through its zoning consultant, GENE DUFFY, applied for a permit to construct and erect a `wall sign' upon the aforesaid SONESTA BEACH HOTEL.
"7. That the plans and specifications submitted therewith reflected that said sign would contain an area of approximately 363 square feet.
"8. That said MR. GENE DUFFY submitted the same to the Defendant in the belief that the said SONESTA BEACH HOTEL was in a BU-3 zoning.
"9. That the Defendant duly issued a permit to the Plaintiff for the construction and erection of the aforesaid `wall sign' in accordance with the plans and specifications submitted therefor.
"10. That in the issuance of the same, a GEORGE E. JESTER, a zoning inspector and employee of the BUILDING & ZONING DEPARTMENT of the Defendant, committed an arithmetical error in computing the maximum size of a permissible sign.
"11. That neither MESSRS, GENE DUFFY nor GEORGE E. JESTER knew or was aware of the other's error.
"12. That the Plaintiff in reliance of the permit so issued, did construct and erect the `wall sign' in question, comprising approximately 363 square feet.
"13. That the cost of said `wall sign' was approximately SIX THOUSAND FIVE HUNDRED ($6,500.00) DOLLARS."