492 So.2d 408 (1986)
BILL SALTER OUTDOOR ADVERTISING, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. BJ-459.
District Court of Appeal of Florida, First District.
July 2, 1986.
Rehearing Denied August 27, 1986.
*409 Eric H. Faddis, of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
Maxine F. Ferguson, A.J. Spalla, Gen. Counsel, Dept. of Transp., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an administrative order by which the Department of Transportation (DOT) revoked permits for an outdoor advertising sign. We affirm the order appealed.
Appellant was issued outdoor advertising sign permits upon applications submitted in 1982, which described the desired location as "commercial or industrial unzoned within 800 feet of a business." Outdoor advertising signs are allowed in such a location pursuant to section 479.111(2), Florida Statutes, and DOT approved appellant's applications and granted the requested permits. However, in 1984 DOT issued a notice of violation for appellant's sign, alleging "not zoned or unzoned commercial or industrial area." The notice indicated DOT's intent to revoke the sign permits, and an administrative hearing was held. At the hearing it was established that appellant's sign permits were issued after initial inspections by DOT personnel, but that DOT has now determined that the permits were improperly issued. This testimony indicated that appellant's applications contained false or misleading statements, and that there was no bona fide commercial activity in the area at the time of application.
Section 479.08, Florida Statutes, authorizes DOT to revoke a permit when "the application for the permit contains knowingly false or misleading information... ." DOT's reinspection and investigation revealed that appellant's sign was not located within 800 feet of a business in an unzoned commercial or industrial area as delineated by section 479.01, Florida Statutes, contrary to the representations made in appellant's permit applications. Unlike Walker v. State Department of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979), this case does not involve an agency's departure from a long-standing construction of statutory authority; rather, in the present case DOT corrected an erroneous factual determination, predicated upon the applicant's misrepresentation, in accordance with continuing consistent statutory construction. Appellant's permits are properly subject to revocation pursuant to section 479.08, insofar as the permit applications contained knowingly false or misleading information.
Appellant also suggests that equitable estoppel should apply, or that compensation should be required for removal of a nonconforming sign. But appellant has not established equities which would warrant an estoppel, nor does appellant have a nonconforming sign as that term is defined by section 479.01(12), Florida Statutes.
The order appealed is affirmed.
MILLS and NIMMONS, JJ., concur.