PER CURIAM.
This cause is before us on appeal from a final order of the Department of Transportation (DOT) revoking several outdoor sign permits originally obtained by Henderson Signs and later transferred to Tri-State Systems, Inc. (Tri-State). The permits were revoked on the basis that the signs were found not to comport with the requirements of Section 479.01(10)(d), Florida Statutes (1977), which recently has been reinterpreted by DOT.
Both below and on appeal, Tri-State argued equitable estoppel, asserting that it had relied on assurances from Henderson Signs and DOT that the permits were valid before purchasing the permits from Henderson Signs. The hearing officer ruled that Tri-State failed to prove the first element of estoppel — that DOT made a representation of material fact contrary to a later-asserted position — on the basis of his finding that the testimony of Tri-State’s witnesses was “self-serving without some form of corroboration, and ... not of sufficient quality to support a finding of fact.” The identical issue, under virtually identical *614 facts involving the same parties, has been resolved by this court in Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 212 (Fla. 1st DCA 1986). On the authority of Tri-State, we reverse.
REVERSED.
ZEHMER, J., and J. LEWIS HALL, Jr., Associate Judge, concur.
WENTWORTH, J., agrees to conclusion only.