513 So.2d 181 (1987)
NELSON RICHARD ADVERTISING, a Licensed Outdoor Advertising Company within the State of Florida, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. BN-482, BN-484 and BO-419.
District Court of Appeal of Florida, First District.
September 9, 1987.
*182 Gerald S. Livingston, Orlando, for appellant.
Maxine F. Ferguson, Dept. of Transp., Tallahassee, for appellee.
SMITH, Chief Judge.
In each of these cases, Nelson Richard Advertising, Inc. appeals from a final order of the Florida Department of Transportation (DOT) revoking outdoor advertising permits and ordering removal of the signs. Since the cases involve the same factual situation and legal issues, they are consolidated for purposes of this opinion. We affirm the orders appealed from in all three cases.
DOT issued three outdoor advertising sign permits to appellant upon applications submitted in October 1981 and February 1982, which indicated that the desired location was zoned "commercial or industrial" in St. Lucie County. In March 1984, DOT issued three notices of violation alleging, inter alia, "unpermittable zoning." All three notices informed appellant of DOT's authority to revoke appellant's outdoor advertising license and to order removal of the signs. However, only two of the notices informed appellant of DOT's authority to revoke the sign permits.
At the formal administrative hearing, Gary Ament, Development Coordinator for St. Lucie County, testified that the property on which the signs were located was originally zoned agricultural, and is presently zoned either agricultural or single-family residential. He also testified that at the time the permits were issued, this area was designated "X" according to the comprehensive growth management plan. He explained that property within an "X" designation could be rezoned through the normal rezoning process to a commercial type classification where any number of tourist-oriented activities could be located.
Earl Nelson Mosely, President of Nelson Richard Advertising, Inc., testified that he had indicated on the permit applications that the property was zoned "commercial or industrial" because he had seen a county map where "A-1" was crossed out and an "X" written in, and because it was his understanding from conversations with county personnel that comprehensive plan *183 designations superseded the zoning classification. He also stated that he told Ralph Kane, DOT outdoor advertising inspector, about the confusion and left it up to him to evaluate the maps. He stated that he assumed DOT had concurred with his research since the permits were issued.
Van Kinchon, DOT outdoor advertising inspector, testified that the procedure for reviewing permit applications included an on-site check, review of county maps, and consultations with county personnel to assure compliance with county regulations.
Finding that the zoning classification of the property on which all three signs were erected was zoned agricultural, the hearing officer recommended that the signs be removed. He also recommended that two of the sign permits be revoked, but as to the third one, he found that the notice of violation had not charged appellant with violating section 479.08 (which authorizes revocation of permits), and neither had DOT issued its customary notice of intent to revoke a permit. He therefore concluded that the permit could not be revoked. DOT revoked all three permits and ordered removal of the signs.
Appellant argues that the doctrine of equitable estoppel should apply under the circumstances of this case. We disagree.
Section 479.11(1), Florida Statutes (1983), prohibits outdoor advertising "[w]ithin 660 feet of the nearest edge of the right-of-way of all portions of the interstate system or the federal-aid primary system except as provided in s. 479.111, ... ." Signs in agriculturally-zoned areas are not one of the exceptions set out in section 479.111.
The doctrine of equitable estoppel may be effectively applied against the state under exceptional circumstances upon a showing of the following elements: (1) a representation as to a material fact that is contrary to a later asserted position; (2) reliance upon that representation; and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon. Tri-State Systems, Inc. v. Dept. of Transp., 500 So.2d 212 (Fla. 1st DCA 1986); Kuge v. State, Dept. of Admin., Div. of Ret., 449 So.2d 389 (Fla. 3d DCA 1984).
The present case does not meet the above criteria for estoppel. Appellant's applications for sign permits indicated that the property was zoned "commercial or industrial." The property was actually zoned agricultural, even though the comprehensive growth management plan had designated the property "X," which meant that through the normal rezoning process, the property could have been rezoned to a commercial type classification. Appellant told DOT's outdoor advertising inspector of the "X" designation and about the differences in the county maps. Appellant asserts that by the issuance of the permits, DOT implicitly agreed with appellant that the property was zoned "commercial or industrial." Even assuming this to be true, the facts do not satisfy the "representation" element necessary for estoppel to apply. Appellant submitted erroneous information on the applications, although the hearing officer found there was no evidence that false or misleading information was knowingly supplied. He also told DOT about his confusion relating to the zoning classification, and presumably, DOT's inspector could have and should have been aware of the correct zoning on the property. It appears, nevertheless, that DOT and appellant were mutually mistaken as to the zoning classification of the property.
When a building permit is issued which is contrary to the law as the result of a mutual mistake of fact, the doctrine of equitable estoppel will not lie. Godson v. Town of Surfside, 8 So.2d 497 (Fla. 1942) (building permit was issued for the erection of a hotel closer to the ocean shoreline than was permitted by the zoning ordinance as the result of a mutual mistake of fact); Dade County v. Bengis Associates, Inc., 257 So.2d 291 (Fla. 3d DCA 1972), cert. denied, 261 So.2d 839 (Fla. 1972) (building permit was issued for the erection of a sign that was larger than that allowed by the ordinance as the result of a mutual mistake of fact).
Appellant cites several cases where the doctrine of equitable estoppel was invoked. *184 However, these cases are distinguishable, in that the appellant in each case, unlike appellant herein, did not supply the agency with a misstatement of fact. See Kuge v. State, Dept. of Admin., Div. of Ret., supra (DOR mistakenly allowed an employee .67 years of creditable retirement service for an educational leave which she had taken in 1961-62); Salz v. Dept. of Admin., Div. of Retirement, 432 So.2d 1376 (Fla. 3rd DCA 1983) (DOR mistakenly permitted an employee to purchase eight years of credit for her teaching at a private school in Missouri); Fraga v. Dept. of Health & Rehab. Services, 464 So.2d 144 (Fla. 3rd DCA 1984) (despite receipt of two letters from a doctor who asked HRS whether he should continue treating certain patients since he was not board certified, HRS continued to pay the doctor during the next two years without ever responding to his letter); George W. Davis & Sons, Inc. v. Askew, 343 So.2d 1329 (Fla. 1st DCA 1977) (with express approval of DOR, taxpayer did not collect admissions tax during period of time between the rendition of two appellate decisions, the first one holding the tax void and the second one validating the tax); Florida Livestock Board v. Gladden, 76 So.2d 291 (Fla. 1954) (agency which had by rule postponed the effective date of a statute by eleven days was later estopped from claiming that it lacked authority to promulgate the rule); Tri-State Systems, Inc. v. Dept. of Transp., supra (DOT allegedly misrepresented to Tri-State that the permits issued to another sign company were valid and legal at the time Tri-State sought to acquire them).
The cases cited by appellant for the proposition that DOT may not remove, without just compensation, signs which were lawfully constructed, but later became nonconforming because of a change in DOT's policy, are not applicable in the present case. E.g., see Wainwright v. State Dept. of Transp., 488 So.2d 563 (Fla. 1st DCA 1986). Because the zoning classification made the location of the signs impermissible under the statute, appellant's signs were never lawfully constructed. We hold therefore that under the circumstances of this case, the doctrine of equitable estoppel does not apply. Since we have resolved the issue on the first element of estoppel, we will not address the other two.
Appellant also contends that he was denied due process of law because the notice of violation did not advise him that his sign permit could be revoked. On the same date, DOT sent appellant three notices alleging the same violation; i.e., "unpermittable zoning." DOT advised appellant that his business license could be revoked and the signs removed. DOT also advised appellant that the sign permits could be revoked on two of the notices but not on the third. Appellant requested a formal administrative hearing on all three notices; he had one hearing, and the same fact was dispositive in all three cases, i.e., the property was zoned agricultural. Appellant does not allege that he would have presented additional evidence had he known his permit would be revoked in addition to having the sign removed. Under the circumstances of this case, we hold that appellant was afforded due process of law.
AFFIRMED.
ERVIN, J., concurs.
BOOTH, J., dissents.