554 So.2d 568 (1989)
Dennis P. WARREN, Appellant,
v.
DEPARTMENT OF ADMINISTRATION, State of Florida, Appellee.
No. 89-28.
District Court of Appeal of Florida, Fifth District.
December 14, 1989.
Rehearing Denied January 11, 1990.
*569 Lester A. Lewis of Coble, Barkin, Rothert, Gordon, Morris, Lewis & Reynolds, P.A., Daytona Beach, for appellant.
William A. Frieder, Senior Atty., Dept. of Administration, Tallahassee, for appellee.
GOSHORN, Judge.
Dennis P. Warren (Warren) appeals the order of the State of Florida, Department of Administration (Department) holding that Warren was not covered under the State of Florida Employee's Group Health Self-Insurance Plan (state insurance plan) for costs incurred when he was hospitalized for surgery. Because the Department is estopped from denying coverage, we reverse.
The evidence is basically undisputed, showing that Warren was a member of the state insurance plan and, as such, had received a brochure describing the plan. Because his wife had recently undergone successful treatment to correct infertility problems, Warren investigated surgery to reverse his vasectomy. Warren decided he would undergo the surgery only if he were covered by the state insurance plan, since he could not personally afford this elective procedure. The brochure, under its limitations and exclusions section, specifically provided that "In order to control costs and maintain premiums at reasonable levels, it is necessary for the plan to limit or exclude payment on the following services ... surgery to reverse surgical sterilization procedures... ." Based on this language, Warren *570 felt further investigation was necessary.
The brochure itself provided on its first page:
This brochure is not a contract since it does not include all of the provisions, definitions, benefits, exclusions, and limitations of the State Self Insured Health Plan.
The purpose of this brochure is to furnish State Officers and Employees with a summary of the benefits available under the State Self Insured Health Plan. It is hoped that the brochure will answer any questions that might arise about the plan; however, if there is a need for additional information, State Officers and Employees should feel free to contact their agency personnel offices or the office of state employee's insurance ...
Furthermore, under the heading "Benefit Inquiries," the brochure contained the following paragraph:
Any questions concerning benefits under the plan may be directed to the office of state employees insurance ... [Emphasis added].
However, immediately following the limitations and exclusions page was a section on claim inquiries. That section provided:
Any question concerning claims or claims problems should be directed to your local Blue Cross and Blue Shield Office. If such an office is not in your area, you may call the Jacksonville office of Blue Cross and Blue Shield using the toll free watts line ...
Warren contacted the Jacksonville Blue Cross and Blue Shield (Blue Cross) office inquiring about coverage for surgery to reverse his vasectomy. Warren was advised that the procedure had limited coverage, providing only hospital costs but excluding doctor's care. To double check this evaluation, Warren called Blue Cross again, asking the same question and receiving the same answer. Warren's wife then also contacted the same office, and she too received the same answer. Warren testified that at other times he had contacted the Jacksonville Blue Cross office with questions about coverage benefits. Blue Cross always provided answers; these answers always proved correct. Warren admitted that he did not contact either his personnel office or the office of state employees insurance with questions concerning coverage.
Prior to entering the hospital, Warren's admission was certified under the state insurance plan's pre-admission certification program. Warren then underwent the surgery, relying upon Blue Cross's assurance of partial coverage. After surgery, his claim was initially paid by the state insurance plan. The Department subsequently notified Warren that the surgery was not covered, and he was required to reimburse the plan.
In fact, the master policy for the state insurance plan excludes reverse surgical sterilization procedures from coverage. This master policy is not given to state employees, nor do they generally have access to it.
Based upon the evidence, the hearing officer found that Blue Cross did represent to Warren that the procedure was covered under the plan and that Warren relied upon this representation to his detriment. However, the hearing officer went on to find that Warren was not entitled to rely upon the representation and recommended denial of coverage. This recommendation was subsequently adopted by the Department.
Warren argues the Department should be estopped from denying him coverage. To prove estoppel the following elements must be established:
1. A representation as to a material fact that is contrary to a later-asserted position;
2. A reasonable reliance on that representation; and
3. A change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon.
See Department of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981) and Salz v. Department of Administration, Division of Retirement, 432 So.2d 1376 (Fla. 3d DCA 1983).
*571 As applied to a state agency, the theory of estoppel is limited to those cases involving exceptional and rare circumstances. Such circumstances are found to exist where state agencies deny benefits because of mistaken statements of fact. See Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 212 (Fla. 1st DCA 1986), review denied, 506 So.2d 1041 (Fla. 1987); Kuge v. Department of Administration, 449 So.2d 389 (Fla. 3d DCA 1984); Salz v. Department of Administration, supra,[1] Indeed, "promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice." [Emphasis added]. Crown Life Insurance Company v. McBride, 517 So.2d 660, 662 (Fla. 1987). In the instant case it is undisputed that the master policy excluded reverse surgical sterilization procedures, yet Blue Cross repeatedly advised to the contrary. We hold that because the instant case involves such "rare and exceptional" circumstances estoppel should be applied against the Department, assuming Blue Cross had the apparent authority to bind the Department.
We now turn to the issue of the apparent authority of Blue Cross to bind the Department and thus create the estoppel. Apparent authority exists only where the principal creates the appearance of an agency relationship. Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A., 483 So.2d 775 (Fla. 3d DCA), review denied, 492 So.2d 1334 (Fla. 1987). An agent can contract for insurance, thus binding his company if he has the real or apparent authority to do so. The insurer is bound by the acts of its agent if they are within the scope of the agent's apparent authority and the insured is not aware of any limitation. When an insurance agent assures a claimant of coverage, an insurance company can be estopped from denying coverage. See Crown Life Insurance Company v. McBride, supra; Peninsular Life Insurance Company v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983).
In this case, the insurance policy shows Blue Cross has a clear agency relationship with the Department. The brochure distributed by the Department refers all claim inquiries to Blue Cross[2] and Blue Cross is the administrator of the state insurance plan. Based on these facts and Blue Cross's prior dealings with Warren, we hold Blue Cross had the apparent authority to bind the Department. It was reasonable for Warren to assume that Blue Cross was the insurance company for the state insurance plan and that it would make the final decision in regard to coverage. Warren reasonably relied upon Blue Cross's representations that coverage was available.
The hearing officer found that Warren relied, to his detriment, upon the representation of Blue Cross. Therefore, it was error not to find that the Department was estopped as a matter of law from denying Warren coverage.
REVERSED and REMANDED.
DANIEL, C.J., and EATON, O.H., Associate Judge, concur.
NOTES
[1] The state may not be estopped for conduct resulting from mistaken statements of law. See Department of Revenue v. Anderson, supra, and Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 184 (Fla. 1978).
[2] The language contained in the brochure does not expressly require that all coverage questions be directed to the Department. Although the brochure refers benefit inquiries to the Tallahassee office of the Department, the brochure utilizes the term "may", then it directs claim inquiries to Blue Cross and Blue Shield. The term "claim inquiry" is broad and ambiguous. A question concerning benefit coverage is really also a question concerning a potential claim. Asking the entity responsible for "claims" a question about benefit coverage is not unreasonable. If the Department wanted to require a claimant to proceed differently, it should have used clearer and more direct language in the brochure.