577 So.2d 1363 (1991)
Annemarie HARRIS, Appellant,
v.
STATE of Florida, DEPARTMENT OF ADMINISTRATION, DIVISION OF STATE EMPLOYEES' INSURANCE, Appellee.
No. 90-135.
District Court of Appeal of Florida, First District.
April 3, 1991.
*1364 G. Bart Billbrough and Geoffrey B. Marks, of Walton, Lantaff, Schroeder & Carson, Miami, for appellant.
John M. Carlson, Senior Atty., Department of Admin., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Annemarie Harris, seeks review of an order denying her request for *1365 reimbursement from appellee, the State of Florida, Department of Administration, Division of State Employees' Insurance (division), under the state group health self-insurance plan (self-insurance plan or plan) for medical expenses incurred on behalf of her infant daughter. Appellant contends that the lower tribunal erred in failing to construe the ambiguous insurance document against its drafter, the division, and in failing to find that the state was estopped from denying coverage by virtue of a material misrepresentation made to appellant by an agent of appellee concerning the requirements for converting from individual to family coverage under the self-insurance plan. Upon review of the record, we conclude that the final order not only lacks factual findings necessary to determine the estoppel issue, but that certain conclusions therein are not supported by the evidence. Therefore, we reverse and remand with directions for the division to conduct additional proceedings.
Appellant is an attorney who, at all times pertinent to this appeal, was employed as an assistant public defender by the Dade County Public Defender's Office. Shortly after she began her state employment, she chose to enroll in one of the state-approved HMO plans for individual health insurance coverage. In December 1987 the contract between appellant's HMO and the state was terminated, and appellant was left with the option of selecting another HMO insurance plan or the self-insurance plan. To aid her in deciding which plan to apply for, appellant, who was then three months' pregnant, contacted Faith Quincoses, the administrative assistant in the public defender's office designated to advise employees of the benefits available to them under the various plans and to assist them in completing the paperwork necessary to secure such benefits. Although the record does not disclose the full extent of the conversations between Quincoses and appellant, it does reflect that Quincoses supplied appellant with the names of several fellow employees whom she could contact regarding their experiences with the health insurance plans they had selected. It appears that in addition to talking with these other employees, appellant discussed her choice of coverage with her husband, a former assistant state attorney who had been insured through the state insurance plan during his employment with the state. Following her discussions, appellant elected individual coverage through the state group health self-insurance plan.
The record next shows that in mid-April appellant again consulted Quincoses pertaining to the question of when she should convert from individual to family health insurance, so that her unborn child, who was due for delivery on June 23, 1988, would be covered. It is undisputed that Quincoses then erroneously told appellant that in order for her child to be included under the state plan, she must prepare and submit the necessary paperwork within 30 days from the child's birth. Quincoses considered that as long as the employee notified the division and did the paperwork within 30 days after the child's birth, the child would be covered as a family member. It is unclear from the record, however, whether this was the first time Quincoses had given such advice to appellant, and particularly whether Quincoses gave her the same advice at any time prior to mid-April.
Quincoses subsequently began work on the appropriate forms in order for appellant to complete her application for family coverage prior to June 1, the date scheduled for appellant's maternity leave. Before appellant signed the necessary papers, however, she experienced unexpected and severe complications with her pregnancy, resulting in an emergency premature birth by Caesarean section on April 24, 1988. Almost immediately following the delivery of the daughter, the child's condition worsened and she was transferred to another hospital with proper neonatal facilities. The infant remained in that hospital for approximately two months, incurring medical expenses of approximately $180,000. While the state health insurance plan covered *1366 appellant's expenses resulting from the birth, the state refused to pay any of the child's expenses, on the ground that appellant had only individual  not family  coverage at the time of her daughter's birth. Although the paperwork, which Quincoses signed on behalf of appellant, was submitted to the division on or about May 10, 1988, the division refused to provide the pertinent benefits available under family coverage, asserting that the child was not a named insured as of the date of her birth, and that once she became insured under the policy, her expenses related to a preexisting condition which was not covered under the policy.
In reaching its determination, the division relied on Florida Administrative Code Rule 22K-1.203, which provides:
(3) An employee or retiree may begin family coverage prior to acquiring any eligible dependents. Since such coverage is effective the first day of any given month, employees who will acquire eligible dependents during the month and are desirous of having immediate coverage of such dependents must make application in time for a complete month's premium to be deducted prior to the first day of the month during which the dependent will be acquired. Otherwise, coverage cannot be effective on the actual date the dependent is acquired.
(Emphasis added.) Under the division's interpretation of this rule, in order for the medical expenses of appellant's daughter to be covered, the premium for such coverage was required to have been paid before April 1, 1988. Because the first premium was not paid until sometime after May 10, 1988, or on a date following the child's birth, the division concluded that the child was not insured at the time of its birth; therefore none of the child's medical expenses could be paid under the coverage provided.
Turning to appellant's argument that the insurance plan was ambiguous and should be construed against the division, we consider it necessary first to set forth the applicable features of the plan. The self-insurance plan was established by the state and is administered by Blue Cross & Blue Shield. The plan is described in the "State of Florida Employees Group Health Self Insurance Plan Brochure." This benefit document is not, however, provided to individual employees, but rather is supplied to personnel officers of the various state agencies. It moreover expressly informs employees that it is not an insurance contract, and advises employees that if they wish to make any inquiries regarding the policy, they should direct them to "their agency personnel offices or the Office of State Employees' Insurance." Although the benefit document provides general information regarding the effective date of coverage, it says nothing about a change from single to family coverage, or the effective date therefor. While we consider that it would be far more informative for the state to provide a copy of the policy to each of its insureds, we cannot say that the benefit document is on its face ambiguous.
Turning to appellant's second argument regarding estoppel, the elements necessary to establish estoppel against the state are: (1) a representation by an agent of the state as to a material fact that is contrary to a later asserted position; (2) reasonable reliance on the representation; and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon. Tri-State Sys. v. Department of Transp., 500 So.2d 212, 215-16 (Fla. 1st DCA 1986), review denied, 506 So.2d 1041 (Fla. 1987); Warren v. Department of Admin., 554 So.2d 568, 570 (Fla. 1st DCA 1989), review dismissed, 562 So.2d 345 (Fla. 1990). In regard to state agencies, the theory of estoppel may be applied when state agencies deny benefits because of mistaken statements of fact. Warren, 554 So.2d at 571. In the case at bar, however, the hearing officer concluded that appellant's "attempt to invoke the doctrine of estoppel is without legal, factual, or equitable basis." Our difficulty in intelligibly reviewing this conclusion *1367 is that the final order not only lacks findings which are essential to a determination, but it also contains conclusions that are not supported by the record.
In addressing appellant's estoppel argument, we have no difficulty in agreeing with her contention that Quincoses was acting as the division's agent when she gave advice to appellant. The benefit document clearly refers questions regarding coverage to the various agencies' personnel offices, and, in doing so, the division made Quincoses its agent. See Warren, 554 So.2d at 571 (state's self-insurance plan brochure referred questions concerning claims to Blue Cross & Blue Shield, thereby making it the state's agent). And certainly Quincoses' advice to appellant constituted a representation of a material fact that was contrary to the division's later asserted position vis-a-vis rule 22K-1.203.[1] The impediment to our adequately reviewing this issue, however, relates to the lack of a sufficient record pertaining to the elements of appellant's reasonable reliance on the representation and her detrimental change in position caused by that representation and reliance.
The hearing officer rejected appellant's estoppel argument because she found that appellant did not rely solely on Quincoses' advice. Specifically, the hearing officer stated that appellant relied on the advice of others  persons other than agents of the state  and found that appellant's "own conduct belies her allegation that she was acting solely on Quincoses' advice since Quincoses had spoken to Petitioner about changing to family coverage after the birth of the baby, and the record is clear that Petitioner initiated conversion to family coverage with an effective date prior to the birth of the baby." (Emphasis added.)
Although it is essential to one who prevails upon a theory of estoppel against the state that the representation be made by an agent of the state, see Warren, neither of the hearing officer's conclusions is supported by the record. As to her conclusion that appellant relied on the advice of other persons, the hearing officer was obviously confused. The record instead discloses that the advice referred to occurred in December 1987 when appellant was in the process of selecting a new insurance plan. There is nothing in the record indicating that the conversations with the other persons had anything to do with appellant's decision regarding when she should convert to family coverage. The hearing officer's own findings, moreover, do not support her conclusion of reliance on the advice of others, because the findings state that "[i]t is unknown whether Petitioner relied solely on the advice Quincoses gave in choosing to purchase individual coverage rather than family coverage, whether Petitioner relied instead on the advice she obtained from questioning her friends or whether she relied upon her husband's desires, in choosing to participate in the State Plan or in choosing to purchase only individual coverage."
Neither does the record support the hearing officer's conclusion that appellant's actions belied her reliance allegation. Although it cannot be precisely determined from the record who instigated the mid-April *1368 conversations regarding appellant's conversion to family coverage, the record appears to suggest that it was Quincoses who did so. If so, appellant's actions would not be considered contrary to Quincoses' advice; she was rather following Quincoses' directions.
As to the issue of detrimental reliance, the rule is clear that if appellant made her first inquiry regarding family coverage in mid-April, appellant would not have been able to make the first premium payment for family coverage, as required by the division's rule, on or before the first of the month in which her daughter was born, i.e., April 1988  even assuming that Quincoses had then given her correct advice. Consequently, we could not say that appellant's injury was in fact caused by reliance on the misrepresentation. See, e.g., Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla. 1987); State Farm Fire & Casualty Ins. Co. v. Ortiz, 560 So.2d 1350 (Fla. 3d DCA 1990). If, however, Quincoses first gave the erroneous advice to appellant in December 1987, or at any point prior to April 1, 1988, appellant obviously could have relied on that advice to her detriment by failing to convert to family coverage before April 1, 1988, under the theory that if she had been correctly informed, she would have followed the advice, and a complete month's premium for family coverage would have been deducted before the first day of the month in which her child was born.
Because, however, the record is unclear regarding when Quincoses first made the misrepresentation to appellant, we are unable to determine whether appellant relied on it to her detriment. Consequently, additional factual findings must be made on this issue. Turner v. Turner, 529 So.2d 1138, 1140-41 (Fla. 1st DCA 1988) (appellate court may reverse and remand with directions to take additional evidence as is necessary to render detailed findings sufficient to enable proper review); School Bd. of Lee County v. Lee County School Bd. Employees, Local 780, AFSCME, 512 So.2d 238 (Fla. 1st DCA 1987) (remand for further findings as to employer's motivation in reprimanding its employee).
The case is REVERSED and REMANDED with directions for the hearing officer to take such additional evidence as is necessary to fully resolve the issues presented.
ALLEN and WOLF, JJ., concur.
NOTES
[1] Appellee has argued that Quincoses' advice was an erroneous statement of law, not fact, and that the state cannot be estopped through mistaken statements of law. Austin v. Austin, 350 So.2d 102, 105 (Fla. 1st DCA 1977) (erroneous statement that surviving spouse would receive benefits under state retirement system even if not designated as the beneficiary), cert. denied, 357 So.2d 184 (Fla. 1978). We do not agree. Although Quincoses' representation was based on a misunderstanding of the applicable law, her statement was nonetheless a factual misrepresentation regarding what acts were necessary to effectuate conversion to family coverage. See Kuge v. Department of Admin., Div. of Retirement, 449 So.2d 389, 391-92 (Fla. 3d DCA 1984) (misrepresentation regarding number of years of creditable service with the state). See also Tri-State Sys. v. Department of Transp., 500 So.2d 212, 216 (Fla. 1st DCA 1986) (misrepresentation concerning whether sign permits were valid and legal), review denied, 506 So.2d 1041 (Fla. 1987).