HARRIS, Judge.
The issue in this case is the amount of damages that one must pay when another properly relies to his detriment on one’s innocent misrepresentation of fact. Amy Heimann (Heimann) asserts, and the trial court agreed, that if she can show misrepresentation of fact, reliance, and some injury, she is entitled to the entire fund created by the bank’s error. We disagree and hold that the appropriate amount of damages is that amount, and only that amount, that the person suffering injury can properly relate to reliance on the misrepresentation.
Heimann was the borrower under a construction loan in the amount of $305,000 which was acquired by purchase by Guaranty Bank (Guaranty). The loan was secured by a home being built for Heimann by Louis Sa-batier Luxury Homes (Sabatier). Heimann became dissatisfied with Sabatier and requested from Guaranty the amount remaining undisbursed under the loan. She intended to terminate Sabatier’s contract and finish the construction with another contractor if sufficient funds remained. Guaranty, unmindful that a draw in the amount of $68,500 had just been disbursed, notified Heimann that there remained for disbursement $167,-500 instead of the correct amount of $98,995.
Relying on this information, Heimann negotiated a termination of her contract with Sabatier for some $47,800 and entered into a new contract with Castle Builders who agreed to complete the project for $100,500 (not including an amount for extras).
When Guaranty ultimately discovered its mistake and sought recovery of the $68,500 disbursement, Heimann claimed the defense of estoppel claiming that she had been damaged by relying on the bank’s misinformation. While Guaranty admits that Heimann suffered some damages as a result of its error and should be compensated for the damages actually suffered, it contends that the court erred in not requiring her to prove the amount of such damages.
The trial judge, citing Warren v. Department of Administration, 554 So.2d 568 (Fla. 5th DCA 1989), found that Heimann reasonably relied to her detriment on the misrepresentation of material fact made by Guaranty. Guaranty does not dispute this. But the trial court failed to determine the extent of the detriment suffered by Heimann resulting from this misstatement. Guaranty urges, and we agree, that one making a negligent misrepresentation is not required to forfeit the entire fund created by the mistake when only a portion thereof is required to make the injured party whole.
It appears from the record that at the time Heimann entered into the contract with Castle, she thought she had $167,500 in her account. Castle agreed to complete the original contract (excluding extras) for $100,530. This would indicate a net savings of $66,970 to Heimann for changing contractors. It is not a coincidence that this is almost the same amount as the draw sought to be recovered by the bank. To the extent that this sum is not needed to cover Heimann’s damages, to award it to her would constitute an unjust enrichment.
Except for the amount that Heimann may have paid Sabatier to get out of her contract with him, neither the record nor the trial judge explains what additional damages would permit Heimann to keep the remaining amount, some $20,000. We hold that it is not enough to merely prove detrimental reliance in order to retain a fund under the theory of equitable estoppel; you must also prove the extent of the detrimental reliance; i.e., as in any case, you must prove your damages.
We reverse and remand for the trial court to determine the amount of loss suffered because of the detrimental reliance and, if necessary, to take additional testimony. We also reverse the rulings on attorney’s fees and direct the trial court to reconsider this issue in light of this ruling (Is there any amount still owed under the note?) and a *1084 subsequent determination of which, if either, is the prevailing party.
REVERSED AND REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents, without opinion.